JUDGE ROBERTSON
delivered the opinion op the court.
This suit by the father for the seduction of his daughter is maintainable either by the common law for loss of service and incidental expenses, or by our statute authorizing him to sue instead of the daughter for seduction; in each of which classes of action there is, according to modern law, about the same margin for the assessment of damages. The verdict for six hundred and fifty dollars is certainly not exorbitant. In the case of Wilhoit v. Hancock, 5 Bush, which was essentially a parallel case, we aifirmed a judgment for five thousand dollars. That case sustains the instruction given in this, and we see no essential error in the admission or rejection of evidence.
As the seduced daughter had renounced- her own right of action and was anxious to have the action dismissed, there can be no consistent doubt of her competency as a witness for the appellee. And on principle, whatever may be said in some of the books, her proof of a marriage contract was admissible, especially since the said statute. There was therefore no error in the admission of her reluctant testimony; nor was there error in refusing to allow a witness to prove that her sisters were of questionable character as to chastity. Certainly their characters in that particular could not be investigated without departing from the issue, and running off into a wilderness of collateral matter.
*135 The circuit court did not, as supposed by the appellant’s counsel, refuse to permit a witness to testify to his own illicit intercourse with the appellee’s daughter, debauched by the appellant. Such testimony by such a willing witness would be entitled to but little if any credence; and the court did not err in refusing to compel him to answer such a question to infamize himself.
Wherefore, as we perceive no error in the record prejudicial to the appellant, the judgment is affirmed.